FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 17 PM 1:28

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURT DUFRENE and GWENDOLYN DUFRENE | * * * | CIVIL ACTION NO.: 06-3769 |
| VERSUS | * * | MAG. JUDGE DIV.: |
| BAKER/MO SERVICES, INC., and FOREST OIL CORPORATION | * * * | SECTION: SECT. K MAG 3 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### COMPLAINT

NOW INTO COURT, through undersigned counsel, come Curt Dufrene and Gwendolyn Dufrene, both adult resident domiciliaries of the State of Louisiana, Parish of Plaquemines, who aver as follows:

1. This court has subject matter jurisdiction pursuant to Article III, § 2 of the United States Constitution and 28 U.S.C. §1333. Venue is proper in this district pursuant to 28 U.S.C. §1391.

2. Defendant, BAKER/MO SERVICES, INC., was the direct employer of Curt Dufrene at all material times. At all material times, Curt Dufrene was in the service of an identifiable fleet

Fee $350
Process
X Dktd
___ CtRmDep
___ Doc. No

of vessels, upon information and belief, owned by defendant, FOREST OIL CORPORATION, and crewed by direct employees of BAKER/MO SERVICES, INC.

BAKER/MO SERVICES, INC. is a Texas corporation which is subject to the jurisdiction of this court.

Defendant, FOREST OIL CORPORATION, is a New York corporation subject to the jurisdiction of this Court.

3.  Curt Dufrene, as a seaman, is entitled to bring this claim without prepayment of costs or fees, pursuant to 28 U.S.C. §1916.

4.  Curt Dufrene was injured while in the service of a vessel in the above referenced fleet of vessels on July 17, 2005 we became infected with cellulitis while walking through a swamp located in Plaquemines Parish while searching for a malfunctioning pipeline owned by defendant FOREST OIL CORPORATION. As a result of this severe infection, a substantial amount of the bone in Plaintiff's foot has been surgically removed.

5.  Upon information and belief, Defendant, FOREST OIL CORPORATION, was, at all relevant times, the owner of the above referenced fleet of vessels.

### FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE

6.  Plaintiff brings claims against the defendants for their negligence. These claims are brought pursuant to the Jones Act, 46 U.S.C. §688(a). BAKER/MO SERVICES, INC. and FOREST OIL CORPORATION were negligent and otherwise at fault in the follow non-exclusive particulars:

a)  Failure to provide plaintiff with a safe place to work;

b)  Failure to maintain the vessel in a safe condition;

c)  Despite prior knowledge that the rubber boots were necessary to perform the task at

    hand, Defendants failed to provide rubber boots.

 d)  Failure to perform a proper Job Safety Analysis; and

 e)  Failure to allow Plaintiff to do the job at hand by the standard method, i.e., by using a flat boat to search the area for the pipe, rather than sloughing through the swamp.

 f)  Other instances of negligence and fault which will be proved at trial.

## SECOND CAUSE OF ACTION - UNSEAWORTHINESS

7.  Plaintiff also brings General Maritime Law claims against BAKER/MO SERVICES, INC. and FOREST OIL CORPORATION as a consequence of the unseaworthy conditions extant aboard said vessel on the date of the casualty. These unseaworthy conditions include, but are not limited to, the following:

 a)  Failure to provide adequate equipment to perform the task at hand;

 b)  Failure to provide adequately trained supervisory personnel;

 c)  Failure to have appropriately trained men aboard the vessel; and

 e)  Other instances of unseaworthiness which will be proved at trial.

## THIRD CAUSE OF ACTION - GENERAL MARITIME LAW TORT CLAIMS

8.  As an alternative cause of action, if FOREST OIL CORPORATION is not the Jones Act employer of Curt Dufrene, then FOREST OIL CORPORATION is liable unto Plaintiffs, under the General Maritime Law, for the negligence of its agent in directing Curt Dufrene into the water without proper protection, and for other acts of negligence which shall be proven.

9.  As an alternative cause of action, if Curt Dufrene is not a seaman, then FOREST OIL CORPORATION is liable unto Plaintiffs, under the General Maritime Law, for the negligence of

its agent in directing Curt Dufrene into the water without proper protection and for other acts of negligence which shall be proven. Furthermore, Defendant, BAKER/MO SERVICES, INC. is liable unto Plaintiffs, under the General Maritime Law, for its failure to provide a safe work place, and for other specific acts of negligence which shall be proven.

### FOURTH CAUSE OF ACTION - MAINTENANCE AND CURE

10. If Curt Dufrene is a seaman, then he is entitled to maintenance and cure from one or both defendants.

11. Plaintiff, Curt Dufrene, seeks all damages occasioned by the fault of defendants, including past loss wages, loss of future wages, loss of future earning capacity, medical expenses, pain and suffering, mental anguish, disability, disfigurement, prejudgment interest, loss of found, and all other recoverable items of damages.

12. Plaintiff, Gwendolyn Dufrene, seeks all damages occasioned by the fault of defendants, including, but not limited to, loss of consortium.

WHEREFORE, plaintiffs, Curt Dufrene and Gwendolyn Dufrene, pray that after due proceedings are had, that there be judgment rendered in their favor, and against defendants, BAKER/MO SERVICES, INC. and FOREST OIL CORPORATION, for all damages which are appropriate under the circumstances, and for all other general and equitable relief.

Respectfully submitted,

_____
Jeremiah A. Sprague, #24885 T.A.
Timothy J. Falcon, #16909
**FALCON LAW FIRM**
5044 Lapalco Blvd.
Marrero, LA  70072
(504) 341-1234
**Counsel for Plaintiff, Curt Dufrene**